BLANCHE M. MARRINER, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF SAMUEL G. MARRINER,
DECEASED, AND BLANCHE M. MARRINER, PLAIN-
TIFF-RESPONDENT, v. PAUL SOMAY, JR., JULIETTE
WINDELER AND ROBERT WINDELER, DEFENDANTS;
PAUL SOMAY, SR., DEFENDANT-APPELLANT.

Argued October 2, 1934—Decided January 18, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellant, *David Green.*

For the respondent, *Theodore D. Parsons.*

The opinion of the court was delivered by

PARKER, J. The case arises out of an automobile accident and the judgment against the present appellant was predicated on the theory that he was the owner of one of the automobiles involved, which was driven and under the control of his son, Paul Somay, Jr., the father not being present or personally participating, and that the son was the servant or agent of the father acting in the course of his employment. There was no doubt about the ownership of the car and none that it was operated by the defendant's son. At the trial the appellant asked for a directed verdict on the ground that the evidence conclusively showed that the son was not acting as the servant or agent of his father at the time of the accident. This direction was refused and the case went to the jury who found for the plaintiff and against the appellant. The refusal to direct is the sole ground of the present appeal.

We are clear that there was error in refusing the request for a direction.

In addition to the fact of ownership, it also appeared that neither the appellant nor his wife knew how to drive a car and that the son did all the driving when there was any driving to be done. The usual presumption of course obtained; and the question is whether this was fully overcome. The facts as proved are that on a rainy, slippery day, when it

happened that the appellant was away from home and the car was safely put up in the garage and locked in, with the key hanging on a hook in the house, the defendant Robert Windeler, who was a personal friend of the son, was out in the rain driving his own car, which stalled near the Somay house, and Windeler was unable to get it started again. This situation coming to the knowledge of young Paul, he told his mother that Windeler was in trouble and that he was going to get out the Somay car and give the Windeler car a push so as to get the engine started. His mother told him not to do so, but notwithstanding that he was forbidden, he took the key off the hook, brought the Somay car out of the garage, set it behind the Windeler car and began to push. The Windeler car still refused to start; and the upshot of the matter was that young Paul proceeded to push Windeler in his car all the way home, a distance of several miles; and while turning into another road there was a collision with the car in which plaintiff's intestate was riding, and plaintiff's intestate was killed, the plaintiff, herself, also sustaining injuries, and joining in this suit her separate cause of action.

It seems clear beyond peradventure that young Paul was in no sense acting as the agent of his father in doing as he did. The evidence seems plenary that there was no express permission for the son to use the car generally for his own purposes, and that at the time in question there was no permission of any kind but, on the contrary, he was forbidden to do so by his mother acting for his father in the absence of the latter. There was not a scintilla of evidence to indicate that the appellant, the father, was in any possible way interested in getting the Windeler car started, not to mention pushing it several miles in a storm.

The refusal to direct a verdict for the defendant was error and for this the judgment must be reversed, to the end that a *venire de novo* issue.